THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CONFESORA CASIANO, Defendant and Appellant.

No. Cr–62 217.   Decided February 27, 1963.

468

*Héctor Lugo Bougal* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

PER CURIAM.

Confesora Casiano was charged with a violation of the *Bolita* Act, in that in Guánica, P.R., on August 5, 1961, "she had in her possession and under her control a piece of cardboard containing numbers utilized by said defendant in the illegal game of *bolita* or *bolipool.*" The trial was held and both parties introduced evidence. The evidence for The People consisted in the testimony of Policeman Nelson Vega Rivera and Exhibit 1, a piece of cardboard containing number 494–500. The evidence for the defendant consisted in her own testimony. The case was submitted and the Ponce Part of the Superior Court found the defendant guilty and sentenced her to jail for a period of six months.

On appeal the only error assigned and argued is the insufficiency of the testimony of Policeman Vega Rivera because "it lacked the legal effect of overcoming the constitutional principles of the presumption of not guilty and reasonable doubt, in force ..." Appellant's position, in brief, is that the testimony of the policeman is so full of hesitations and innumerable expressions of "not remembering," that it ought not to have been believed by the trial judge.

We have carefully examined the oral testimony of the policeman. Indeed, during cross-examination, the policeman placed himself in such a position of self-defense with respect to the insistent and strong cross-examination of appellant's counsel, that a large part of his answers during cross-examination are clearly evasive, inasmuch as from the

record it appears that he could have answered many of the questions with something more than a simple "I do not remember." At times his testimony gives the impression of a "testimony in flight." Out of curiosity we have counted the automatic "I do not remember," and we obtained 53.

However, during his direct examination he testified normally, without evasiveness. He testified that he knew Mrs. Casiano, the defendant, that on August 5, 1961, in Guánica, "she sold me *bolita* number 494 for the amount of thirty cents." She wrote it down where she had other numbers, all of *bolita;* she then wrote it down on a piece of gray and white cardboard, as follows: "number 494 followed by a dash and 500 to the right."

In self-defense the accused testified in part that the testimony of the officer "is a lie because I have never sold that"; she also said that she neither knew the officer nor his name.

■ The conflict in the evidence was decided against defendant-appellant. The portion of the officer's testimony that was believed, inconsistent, of course, with the strategic "I do not remember," taken as a whole, was sufficient in law to find her guilty beyond a reasonable doubt and to overcome the presumption of not guilty. Under these circumstances, we do not consider the mere attitude of hostility derived from that indirect manner of refusing to answer as a substantial reason to reverse the judgment or to order a new trial.

■ In *People* v. *Seda*, 82 P.R.R. 695 (1961) ; *People* v. *Pérez*, 83 P.R.R. 221 (1961), and *People* v. *Torres*, 86 P.R.R. 239 (1962), we held that the single testimony of a detective may be sufficient to prove these offenses.

The judgment appealed from will be affirmed.